USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/7/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARY L. HARRIS,

                Plaintiff,

-against-

NYC HUMAN RESOURCES ADMINISTRATION; STEVEN BANKS, Commissioner; JOYCE ROBERSON-STEELE, Director Bklyn CASA,

                Defendants.

20-CV-2011 (VSB)

ORDER OF SERVICE

VERNON S. BRODERICK, United States District Judge:

    Plaintiff brings this *pro se* action under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117; and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 to 2654, alleging that her employer discriminated against her based on her age, sex, and disability. By order dated March 31, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP").

## DISCUSSION

### A.     Claims against the Human Resources Administration

    Plaintiff's claims against the Human Resources Administration must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d

Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the NYC Human Resources Administration with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**B.     Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

2

To allow Plaintiff to effect service on Defendants City of New York, Human Resources Administration Commissioner Steven Banks, and Brooklyn CASA Director Joyce Roberson-Steele through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**C.      Consent to Electronic Service**

In light of the outbreak of COVID-19 (coronavirus), the efforts to prevent its further spread, and the restrictions ordered by the Governor of New York, the Court's normal process for mailing court orders and other court notices to *pro se* parties will be delayed. The process for opening, scanning, and docketing mail will also be delayed. Plaintiff is therefore encouraged to consent to receiving notices of electronic case filings (NEF) electronically, through notifications from the Court's Electronic Case Filing (ECF) system sent to Plaintiff's email address. This would allow the Court to provide Plaintiff with NEFs more quickly and reliably. Plaintiff will also electronically receive documents filed by other parties. If Plaintiff consents to receive filings electronically, Plaintiff will no longer receive the same documents in the mail.

If Plaintiff wishes to consent to electronic service, Plaintiff should fill out the Consent & Registration Form to Receive Documents Electronically, which is available at https://nysd.uscourts.gov/sites/default/files/2018-06/proseconsentecfnotice-final.pdf and also attached to this Order, and return the signed form in PDF format to Temporary_Pro_Se_Filing@nysd.uscourts.gov.

Plaintiff may also wish to submit documents for filing by emailing documents to the Clerk's Office instead of mailing them. Plaintiff may do that using the same Temporary_Pro_Se_Filing@nysd.uscourts.gov email address.

**CONCLUSION**

The Clerk of Court is directed to mail Plaintiff an information package.

The Court dismisses Plaintiff's claims against the NYC Human Resources Administration. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add the City of New York as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is further instructed to issue summonses, complete the USM-285 forms with the addresses for the City of New York, Human Resources Administration Commissioner Steven Banks, and Brooklyn CASA Director Joyce Roberson-Steele, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: April 7, 2020
New York, New York

Vernon S. Broderick
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. New York City
   New York City Law Department
   100 Church Street
   New York, NY 10007

2. Commissioner Steven Banks
   Human Resources Administration
   150 Greenwich Street, 40th Floor
   New York, NY 10007

3. Joyce Roberson-Steele
   Brooklyn CASA
   88 3rd Avenue, 3rd Floor
   Brooklyn, NY 11212



United States District Court
Southern District of New York
*Pro Se Office*

# Pro Se (Nonprisoner) Consent & Registration Form to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;
2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail. Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;
2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;
3. This service does *not* allow you to electronically file your documents;
4. It will be your duty to regularly review the docket sheet of the case.[2]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.



**United States District Court**
**Southern District of New York**
*Pro Se Office*

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____

Name (Last, First, MI)

_____
Address          City          State          Zip Code

_____
Telephone Number          E-mail Address

_____
Date          Signature

**Return completed form to:**

Pro Se Office (Room 200)
500 Pearl Street
New York, NY 10007