```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/4/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MARY L. HARRIS,

                                **Plaintiff,**                  20-CV-02011 (JPC)(SN)

                -against-                              **ORDER**

NYC HUMAN RESOURCES
ADMINISTRATION, et al.,

                                **Defendants.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      After the close of fact discovery, pro se Plaintiff Harris filed a letter requesting leave to take the depositions of several people, including New York City Mayor Eric Adams. With respect to Mayor Adams, Plaintiff noted that he "perhaps has some capacity to resolve/the issue." ECF No. 75. In light of this request, and considering Plaintiff's pro se status, the Court held a conference at which it explained that (1) fact discovery had closed but if the Court were to reopen discovery to permit the depositions, (2) Plaintiff would be required to cover the cost (including the court reporter and transcription fees) and conduct the deposition(s) pursuant the Federal Rules. The Court invited Plaintiff to consider this information and decide how she wanted to proceed. On April 21, 2023, Plaintiff informed the Court of her desire to depose only one witness: Mayor Adams. ECF No. 81. Defendants oppose this motion. ECF No. 82.

      To depose a high-ranking government official like Mayor Adams, Plaintiff "must demonstrate exceptional circumstances justifying the deposition." Lederman v. New York City Dep't of Parks & Recreation, 731 F.3d 199, 203 (2d Cir. 2013). Exceptional circumstances include instances when "the official has unique first-hand knowledge related to the litigated

claims or that the necessary information cannot be obtained through other, less burdensome or intrusive means." Id. There is no basis to believe that Mayor Adams has any information regarding the issues in this litigation, much less "unique first-hand knowledge." The allegations in Plaintiff's complaint mostly occurred between 2016-2019 when Plaintiff worked at the New York City Human Resources Administration. None of the allegations concerns Eric Adams or his role as Brooklyn Borough President. He was sworn in as Mayor of New York City on January 1, 2022.

Accordingly, the request for leave to depose New York City Mayor Eric Adams is DENIED. The parties are ORDERED to comply with the summary judgment briefing schedule, and Defendants shall file any motion for summary judgment by June 5, 2023, with Plaintiff's opposition due by July 20, 2023, and any reply brief filed by August 3, 2023. ECF No. 80. Plaintiff is encouraged to schedule a conference with the NYLAG free legal clinic for assistance in opposing Defendants' motion. Plaintiff may schedule a meeting by calling 212-659-6190. And of course, if the parties believe a settlement conference would be productive, they may contact Courtroom Deputy Rachel Slusher at rachel_slusher@nysd.uscourts.gov to schedule.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:   May 4, 2023
         New York, New York