UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
MARY L. HARRIS, :
:
Plaintiff, :
: 20 Civ. 2011 (JPC)
-v- :
: ORDER
CITY OF NEW YORK, :
:
Defendant. :
:
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On August 5, 2024, the Court issued an Order directing Plaintiff to indicate whether she requests the services of a counsel to be appointed through the Court's *pro bono* program. Having received correspondence indicating that she does request so, the Clerk of Court is respectfully directed to attempt to locate *pro bono* counsel to represent Plaintiff in this matter for the following reasons.

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, there is no requirement in civil cases that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to request *pro bono* representation. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel in a civil case, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious

commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to request *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

The Court previously granted Plaintiff's request to proceed *in forma pauperis*. *See* Dkt. 3. Plaintiff therefore qualifies as indigent. As for Plaintiff's claims, the Court finds that Plaintiff's claim is "likely to be of substance" for all the reasons elucidated in the Court's prior opinion on summary judgment. *Hodge*, 802 F.2d 61; *see Harris v. N.Y.C. Hum. Res. Admin.*, No. 20 Civ. 2011 (JPC), 2024 WL 1348714 (S.D.N.Y. Mar. 29, 2024). As detailed in that opinion, many of Plaintiff's claims may well "turn on [issues of] credibility" involving Plaintiff's and other actors' testimony. *Hodges*, 802 F.2d at 61. Defendant's pretrial statement also illustrates that Plaintiff's claims also may involve some complex legal issues, particularly in the advent of the Supreme

2

Court's recent decision in *Muldrow v. City of St. Louis*, 144 S. Ct. 967 (2024). *See* Dkt. 130 at 4-5. Both of these factors weigh especially strongly in favor of requesting *pro bono* representation. *See Hodges*, 802 F.2d at 61.

The Court thus requests *pro bono* counsel to represent Plaintiff in this matter. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Plaintiff should be prepared to proceed with the case *pro se*. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not.

Trial in this matter remains scheduled to commence on December 16, 2024, and no deadlines previously set by the Court are altered by this Order.

The Clerk of Court is respectfully directed to mail a copy of this Order to *pro se* Plaintiff.

SO ORDERED.

Dated: August 6, 2024
      New York, New York

                                             JOHN P. CRONAN
                                      United States District Judge