UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                      :

MARY L. HARRIS,

                   Plaintiff,

           -v-                                          20 Civ. 2011 (JPC)

CITY OF NEW YORK,                             ORDER

                   Defendant.

-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      On April 1, 2025, Defendant moved to compel production of a HIPAA release authorization which would allow Defendant to obtain all of Plaintiff's Employee Assistance Program ("EAP") records. Dkt. 185. Plaintiff opposed the motion on April 4, 2025. Dkt. 186.

      "In federal actions, discovery should be broad, and all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence should be [discoverable]." *National Congress for Puerto Rican Rights. v. City of New York*, 194 F.R.D. 88, 92 (S.D.N.Y. 2000) (internal quotation marks omitted). Under Federal Rule of Civil Procedure 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Under Rule 26(b)(1), "relevance, for purposes of discovery, is an extremely broad concept." *Brunckhorst v. Bischoff*, No. 21 Civ. 4362 (JPC), 2022 WL 18358990, at *2 (S.D.N.Y. Dec. 28, 2022) (internal quotation marks omitted).

On December 2, 2022, Defendant made a request for Plaintiff to produce "authorizations for release of plaintiff's medical records including . . . psychological records . . . for treatment received by plaintiff from 2016 to the present." Dkt. 173-1. Plaintiff has complied with that request by furnishing an executed HIPAA release authorizing the production of EAP records from 2015 to the present. While Defendant now claims that it "cannot agree to a limiting date without first obtaining a complete picture of Plaintiff's therapy history regarding her work-related stress at HRA," Dkt. 185 at 2, Defendant itself imposed a limiting date in its initial request for production. Plaintiff's compliance with Defendant's original request for production counsels towards denying the motion. *See Marsteller v. Butterfield 8 Stamford LLC*, No. 14 Civ. 1371 (AWT) (SAM), 2017 WL 5769903, at *4 (D. Conn. Nov. 27, 2017) ("The Court notes that defendants' motion attempts to modify the requests for production actually served. . . . Defendants may not now expand or amend these requests to seek information about plaintiff's mental or emotional state *generally*.").

Defendant contends that "[i]f [Plaintiff] received therapy for stress prior to being supervised by Joyce Roberson-Steele at Brooklyn CASA, those records are relevant to this case and should be reviewed by Defendant." Dkt. 185 at 2. While records dating back years prior to Plaintiff's allegations may hold some residual relevance, the relevance of such documents to any alleged emotional distress claim grows more tenuous with the passage of time. In light of Plaintiff's existing HIPAA authorization dating back to 2015, the Court finds that the requested additional production is not proportional to the needs of this case.

Because the Court denies Defendant's motion for production of an expanded HIPAA release, the Court also denies Defendant's alternative request that the Court "[p]reclude Plaintiff from introducing any evidence regarding emotional distress at trial." Dkt. 185 at 2. Plaintiff also correctly observes that such a harsh sanction would be inappropriate absent her having disobeyed "a clearly articulated order of the court requiring specified discovery," which has not occurred in

this case. *Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991). Moreover, the Court sees no resulting prejudice from nondisclosure, insofar as Defendant presumably explored Plaintiff's preexisting work-related stress during her second deposition and will have another opportunity to explore this issue at trial.

The Court therefore denies Defendant's motion. The Clerk of Court is respectfully directed to close Docket Number 185.

SO ORDERED.

Dated: April 7, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge

3