UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
MARY L. HARRIS,                                                        :
                                                                       :
                           Plaintiff,                                  :
                                                                       :
              -v-                                                      :   20 Civ. 2011 (JPC)
                                                                       :
CITY OF NEW YORK,                                                      :   ORDER
                                                                       :
                           Defendant.                                  :
                                                                       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      On April 11, 2025, Plaintiff Mary Harris moved to compel production of (1) litigation hold notices arising from her 2019 EEOC Complaint and/or this action, and (2) all document preservation and destruction policies in place at the New York City Human Resources Administration from 2018 to the present. Dkt. 191. Plaintiff also seeks to depose a designee pursuant to Federal Rule of Civil Procedure 30(b)(6) with respect to Defendant's document retention policies, the steps Defendants took to preserve relevant evidence, and the handling of field sheets. *Id.* Defendant opposed this request on April 16, 2025. Dkt. 192.

      As an initial matter, the Court agrees with Defendant that field sheets maintained by non-comparator employees would not be particularly relevant to the claims at issue in this case. Dkt. 192 at 2. Plaintiff, though, has provided evidence that Mr. Alan Block, who is a comparator Supervisor III, both maintained field sheets and was never asked to preserve any documents relevant to this lawsuit. *See* Dkt. 195-1 (Block's deposition) at 18:3-6 ("Q. And you were never asked to preserve any documents relevant to Ms. Harris' lawsuit? A. No."), 24:8-13 ("Q. Did you ever complete a field sheet yourself? A. Yes. Q. Did you ever complete a field sheet while you were a Supervisor 3? A. Yes."). As Defendant has not produced any such field sheets from

Mr. Block, the Court shares Plaintiff's concern regarding potential limited spoilation, and finds that Plaintiff has made a preliminary showing of spoilation. Therefore, good cause exists for limited additional discovery on this issue. To be clear, however, the Court has not concluded at this stage that Plaintiff has made a showing of spoilation or that sanctions are warranted.

The Court grants Plaintiff's motion to compel production. Defendant shall produce the litigation hold notices arising from Plaintiff's 2019 EEOC Complaint and this action. While Defendant is correct that "[i]nstructions to preserve documents by way of formal litigation hold notices exchanged between attorneys and their clients are privileged communications and generally immune from discovery," this general rule "is not an absolute barrier to the information. Rather, litigation hold letters may indeed be discoverable where there has been a preliminary showing of spoliation." *Roytlender v. D. Malek Realty, LLC*, No. 21 Civ. 52 (MKB) (JMW), 2022 WL 5245584, at *4 (E.D.N.Y. Oct. 6, 2022) (collecting cases); *see also Fed. Trade Comm'n v. Roomster Corp.*, No. 22 Civ. 7389 (CM) (SN), 2023 WL 4409484, at *2 (S.D.N.Y. June 1, 2023) (ordering production of litigation hold notices after a showing of spoilation). Because such a showing has been made here, production is warranted. Additionally, to the extent Plaintiff seeks to confirm whether any litigation notices were ever sent, rather than the content of those notices, such information would fall outside of the scope of the attorney-client privilege. *See Roytlender*, 2022 WL 5245584, at *4 (collecting cases).

Defendant shall also produce all document preservation and destruction policies in place at the New York City Human Resources Administration from 2018 to the present. *See Roomster Corp.*, 2023 WL 4409484, at *2 ("Plaintiffs are also entitled to all of Defendants' routine document destruction protocols and policies to better understand whether the lost information was a product of ordinary business practices or something more nefarious."). Defendant shall produce both the litigation hold notices and the document preservation and destruction policies by April 25, 2025.

Defendant shall also produce a Rule 30(b)(6) designee for a deposition. Such deposition shall occur by April 29, 2025, and shall last no longer than two hours.

The deadline for the parties to submit motions *in limine* and pretrial statements is extended to May 2, 2025, with oppositions to any motions *in limine* due by May 7, 2025. The Final Pretrial Conference remains scheduled for May 14, 2025 at 1:00 p.m. The conference will be held in Courtroom 12D of the Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, NY 10007. Trial will begin on May 19, 2025.

The Clerk of Court is respectfully directed to close Docket Number 191.

SO ORDERED.

Dated: April 22, 2025
      New York, New York

JOHN P. CRONAN
United States District Judge