# KIRKLAND & ELLIS LLP

Vincent-Alexandre Fournier
To Call Writer Directly:
+1 212 390 4447
vincent.fournier@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

April 28, 2025

**VIA CM/ECF**
Hon. John P. Cronan
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Harris v. City of New York*, Docket No. 20-cv-2011 (JPC) (SN)

Dear Judge Cronan:

We write on behalf of Plaintiff Mary L. Harris to respectfully request clarifications regarding the scope of the Court's April 22, 2025 order granting Plaintiff's motion for leave to depose a Rule 30(b)(6) designee with respect to, among other things, the steps Defendant took to preserve relevant evidence (ECF 196) (the "Order").

On April 11, 2025, Plaintiff requested production of: (1) Defendant City of New York's "litigation hold notices arising from Plaintiff's 2019 EEOC Complaint . . . and the above-captioned action"; and (2) "all document preservation and destruction policies in place at the New York City Human Resources Administration ('HRA') from 2018 to the present." ECF 191 at 1 (the "Motion"). Plaintiff further requested "leave to depose a Rule 30(b)(6) designee with respect to, among other things, Defendant's document retention policies, the steps Defendants took to preserve relevant evidence, and the handling of field sheets." *Id.* In support of her request for a Rule 30(b)(6) deposition, Plaintiff explained that "[a]bsent a deposition, Plaintiff cannot investigate the steps Defendant took to preserve evidence and to comply with its own retention policies." *Id.*, at 3. On April 22, 2025, the Court granted Plaintiff's motion in full. ECF 196 at 2-3.

On April 24, 2025, Plaintiff served a Notice of Rule 30(b)(6) Deposition consistent with Plaintiff's Motion and the Court's Order. Ex. A. On April 28, 2025, the day before the scheduled deposition of Defendant's designee, Defendant served responses and objections objecting to most of Plaintiff's propounded topics. Ex. B. The parties met and conferred, but are at an impasse with respect to three topics.

**KIRKLAND & ELLIS LLP**

Page 2

- **Recordkeeping (Topic Nos. 1-2).** Consistent with the Court's Order, Plaintiff served Topic Nos. 1 and 2 relating to Defendant's recordkeeping practices surrounding field visits. Ex. A at 5. Plaintiff submits that she may not effectively question Defendant's designee regarding "the steps Defendants took to preserve relevant evidence" without gaining a better understanding of Defendant's recordkeeping practices relating to field visits and how these records are maintained in the ordinary course of business. *See* ECF 196 at 1. Defendant refused to prepare its designee to testify about anything else but the "handling of field sheets." Ex. B at 2.

- **Steps Taken to Collect and Produce Documents Relating to Field Visits (Topic No. 7).** Consistent with the Court's Order, Plaintiff served Topic No. 7 relating to the "steps taken by [Defendant] following Plaintiff's requests for case notes, field sheets, . . . [and] synopses of field visits . . . including any custodial interviews and any steps taken to collect and produce the requested documents." Ex. A at 6.[1] Plaintiff submits that she may not effectively question Defendant's designee regarding "the steps Defendants took to preserve relevant evidence" without being allowed to ask questions about the steps Defendants took in connection with Plaintiff's requests for documents relating to field visits. *See* ECF 196 at 1.

During the meet and confer, Defendant refused to explain its understanding of the words "relevant evidence" as used in Plaintiff's Motion and the Court's Order, *i.e.*, whether it is limited to field sheets or also includes other evidence documenting field visits (*e.g.*, synopses of field visits, case notes). Based on Defendant's responses and objections, Plaintiff understands Defendant's position as refusing to designate a witness to testify about any documents relating to field visits other than field sheets. Ex. B at 2 ("Pursuant to the scope of topics outlined by the Order, the designated 30(b)(6) witness will testify to 'the handling of field sheets.'").

Defendant's interpretation is inconsistent with the relief requested in the Motion and the Court's Order. Both contemplated a deposition about the "the steps Defendants took to preserve ***relevant evidence***," which includes not only field sheets but also other evidence documenting field visits. ECF 191 at 3; ECF 196 at 1. Nowhere did Plaintiff's Motion or the Court's Order limit the scope of the Rule 30(b)(6) deposition to the steps taken to preserve field sheets. As made clear in Plaintiff's reply, Plaintiff seeks to better understand the steps Defendant took to search for, preserve, collect, and produce documents relating to field visits, given Defendant's failure to date to produce any evidence documenting field visits conducted by Supervisor IIIs. ECF 195 at 3. Put bluntly, Plaintiff requested this Rule 30(b)(6) deposition to get to the bottom of what relevant evidence of field visits exists, was destroyed, or was withheld by Defendant, and to put an end to this endless game of whack-a-mole that has forced Plaintiff to propound request after request only to fail to secure any relevant documents at every step.

---

[1] Plaintiff is willing to limit the scope of Topic No. 7 to case notes, field sheets, and synopses of field visits.

KIRKLAND & ELLIS LLP

Page 3

- On March 11, 2025, Plaintiff requested cases notes documenting field visits conducted by Supervisor IIIs.  ECF 195 at 3.  Defendant represented to the Court that it would produce all requested case notes.  ECF 182.  Yet Plaintiff learned a month later during Alan Block's April 17, 2025 deposition that the produced case notes are "'abbreviated notes' merely documenting case updates and not field visits."  ECF 195 at 3.  Field visits were instead documented in lengthy synopses that Defendant did not initially produce, forcing Plaintiff to propound another request for synopses of field visits this time.[2]  *Id.*

- On March 18, 2025, Plaintiff requested field sheets completed by Supervisor IIIs, was then told that none ever existed, and finally learned that at least Mr. Block's field sheets had been lost.  ECF 195 at 2.

- For weeks, Defendant resisted Plaintiff's request for litigation hold notices and forced Plaintiff to move to compel, before announcing on April 26, 2025 that no litigation hold notices were ever issued.

Plaintiff appreciates the Court's attention to this matter and any clarification the Court may provide to the parties.  While awaiting the Court's guidance, the parties have agreed to postpone the deposition of Defendant's Rule 30(b)(6) designee.

Counsel for both parties shall appear before the undersigned for a teleconference today, April 29, 2025, at 4:30 p.m. to discuss this issue.  At the scheduled time, counsel for all parties should call (855) 244-8681, access code 2302 755 2307.

SO ORDERED.
Date: April 29, 2025
New York, New York

JOHN P. CRONAN
United States District Judge

Respectfully submitted,

*/s/ Vincent-Alexandre Fournier*
KIRKLAND & ELLIS LLP
Robert W. Allen, P.C.
Mason E. Reynolds
Vincent-Alexandre Fournier
James F. McLaughlin
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
bob.allen@kirkland.com
mason.reynolds@kirkland.com
vincent.fournier@kirkland.com
james.mclaughlin@kirkland.com

*Attorneys for Mary L. Harris*

cc:     All Counsel of Record via CM/ECF

---

[2]   This request remains pending, and Plaintiff is awaiting an update from Defendant.