

| | | |
|---|---|---|
| *Muriel Goode-Trufant*<br>*Corporation Counsel* | T**HE** C**ITY OF** N**EW** Y**ORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | *SONYA GIDUMAL CHAZIN*<br>*Senior Counsel*<br>Labor & Employment Law Division<br>(212) 356-0890<br>schazin@law.nyc.gov |

May 9, 2025

**Via ECF**
Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007

        Re: *Harris v. City of New York*
             20 Civ. 2011 (JPC) (SN)

Dear Judge Cronan:

        I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, attorney for the City of New York, in the above-referenced matter. Defendant respectfully submits this letter to request that Your Honor issue a 30-day order of dismissal to allow the parties to finalize settlement.

        On April 30, 2025, all parties appeared before Magistrate Judge Sarah Netburn for a settlement conference. During the conference, Judge Netburn conveyed Plaintiff's final demand to Defendant. Defendant's counsel then contacted the New York City Comptroller to seek additional settlement authority to satisfy that demand. Such authority was granted, and thereupon immediately communicated to both Judge Netburn and Plaintiff's counsel.

        By that time, Plaintiff had left the settlement conference due to a reported medical emergency. However, it is noted that Plaintiff reported to work the following morning, on May 1, 2025. Later, on April 30, Plaintiff's counsel submitted a letter to Your Honor requesting an extension of time to file motions *in limine* (ECF Dkt. No. 201), and confirmed that "Judge Netburn notified Plaintiff's counsel that Defendant had accepted a counteroffer made by Plaintiff at this morning's conference." Since then, Judge Netburn has diligently scheduled several conferences to certify the agreement on the record. Unfortunately, on each occasion, Plaintiff has reportedly had a medical appointment or procedure, including this morning, and has not appeared.

        Additionally, on May 3, 2025, and at Judge Netburn's direction upon a verbal accord being reached between counsel at the settlement conference, Defendant sent a settlement agreement to Plaintiff's counsel. Aside from minor edits, no substantive terms of the agreement were revised, and opposing counsel has conveyed that they sent the final version to Plaintiff via multiple means including by courier. Plaintiff's counsel continues to advise that they have

received no indication that their client is changing her position regarding the terms of the agreement.

As Plaintiff's counsel steadfastly represents that the terms of the verbal settlement agreement reached on April 30 remain unchanged, a settlement in principle has been reached. While Defendant understands Plaintiff's counsel is hesitant to consent to a 30-day order of dismissal, we respectfully submit that such an order is pragmatic under these circumstances and, as the Second Circuit has observed, may appropriately be issued here, with Defendant having met Plaintiff's settlement demand during our settlement conference with Judge Netburn. When parties report that a case has been settled but that some additional time is needed to finalize details of the settlement or secure necessary signatures, Courts usually enter an order dismissing or "discontinuing" the case with prejudice and without costs, setting a deadline within which the settlement must be finalized, and permitting reinstatement if the settlement is not finalized. The usual form of order specifies that reinstatement must be sought within the same interval established as the time period for finalizing the settlement, normally thirty days. *Muze Inc. v Digital on Demand, Inc.*, 356 F3d 492 (2d Cir 2004), *see also, e.g., Cappillino v. Hyde Park Central School District,* 135 F.3d 264, 265 (2d Cir. 1998) (setting a 45-day period for settlement).

Given the foregoing, together with the imminent trial, including deadlines that fall today, this course of action will conserve the limited time and resources of both the Court and the parties, especially as we must prepare witnesses – including active City employees – for trial. Indeed, there is no dispute between counsel that this matter has already been resolved in principle. Accordingly, Defendant respectfully requests that the Court issue a 30-day order of dismissal.

We thank the Court for its consideration of this request.

Respectfully Submitted,

Sonya Gidumal Chazin
Assistant Corporation Counsel

cc:   All parties (via ECF)

Defendant's request that the Court issue a "30-day order" without the consent of Plaintiff is denied. Should Plaintiff consent to entry of such an order, she should notice the Court promptly. The Court will hold a telephonic status conference on Monday, May 12, 2025, at 11:00 a.m. At the scheduled time, counsel should call (855) 244-8681, access code 2302 755 2307. Plaintiff herself must join for the conference. All trial-related deadlines, including today's deadline for oppositions to motions *in limine*, remain in effect.

SO ORDERED
May 9, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge