UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                           :

MARY L. HARRIS,                         :
                                           :

                Plaintiff,        :

                                         :            20 Civ. 2011 (JPC)

         -v-                      :

                                         :                <u>ORDER</u>

CITY OF NEW YORK,              :
                                         :

                Defendant.     :
                                         :
-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Attached to this Order is the Court's current draft of *voir dire* questions for prospective

jurors.  The parties should be prepared to address any objections to the proposed questions at the

final pretrial conference scheduled for May 14, 2025, at 1:00 p.m.

      SO ORDERED.

Dated: May 12, 2025
      New York, New York                                JOHN P. CRONAN
                                            United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                :
MARY L. HARRIS,                                                 :
                                                                :
                          Plaintiff,                            :
                                                                :          20 Civ. 2011 (JPC)
              -v-                                               :
                                                                :          **VOIR DIRE FORM**
CITY OF NEW YORK,                                              :
                                                                :
                          Defendant.                            :
                                                                :
-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

**Summary of Case**

The Plaintiff, Mary Harris, is an employee of the Human Resources Administration, an agency of the City of New York, which is the Defendant in this case. Ms. Harris alleges that while working as a so-called "Supervisor III" in the Brooklyn CASA, which provides homecare services the senior citizens in New York, the Defendant discriminated against her because of her age and disability, including by failing to accommodate that disability. Ms. Harris claims that she has a disability from arthritis in her knees. Ms. Harris alleges that her supervisor at the Brooklyn CASA made age-related comments to her and directed her to conduct field visits, including in dangerous situations, because of her age and disability, while other Supervisor IIIs were not required to conduct such field visits. Ms. Harris also alleges that she was subjected to a hostile work environment because she was treated less well than other Brooklyn CASA employees because of her age and disability. As a result, Ms. Harris alleges that she has suffered and will continue to suffer emotional distress including, depression, stress, and anxiety, plus past and future medical expenses.

The Defendant denies all of Ms. Harris's allegations and maintains that it did not discriminate against Ms. Harris or subject her to a hostile work environment.  The Defendant contends that conducting field visits is a function of Ms. Harris's job and that Ms. Harris was treated the same as her coworkers.  The Defendant further disputes that Ms. Harris had a disability as defined under the law and denies ever knowing that Ms. Harris needed an accommodation to perform her job, contending that Ms. Harris never asked the Defendant for an accommodation.

### Questions for Potential Jurors

Please indicate if your answer to any of the following questions is "yes."  If you would prefer not to give your answer in open court, please say so.

### Part 1: General Juror Questionnaire

1.  Do you have any personal knowledge of the allegations as I have described them to you?

2.  Have you seen or read anything about this case?

3.  Is there anything about the nature of this case that would cause you to be unable to render a fair and impartial verdict?

4.  I am now going to introduce you to the parties and their lawyers.  The plaintiff in this case is Mary Harris.  I ask Ms. Harris to please stand and turn to the prospective jurors.  Do you, or to your knowledge does a family member or a close friend, know Ms. Harris?

5.  I will refer to Ms. Harris as the Plaintiff.  The Plaintiff is represented by Robert Allen, Mason Reynolds, Vincent-Alexandre Fournier, and James McLaughlin, who are attorneys with the law firm of Kirkland & Ellis LLP.  I ask those attorneys to please stand and turn to the prospective jurors.  Do you, or to your knowledge does a family member or a close friend, know Mr. Allen, Ms. Reynolds, Mr. Fournier, Mr. McLaughlin, or anyone at Kirkland & Ellis?

    a.  Have you, or to your knowledge has a family member or a close friend, ever been

employed by Kirkland & Ellis?

    b. Have you, or to your knowledge has a family member or a close friend, had any dealings with Mr. Allen, Ms. Reynolds, Mr. Fournier, Mr. McLaughlin, or Kirkland & Ellis?

6. The Defendant in this action is the City of New York, which employs Ms. Harris. Have you, or to your knowledge has a family member or a close friend, ever been employed by or otherwise affiliated with the City of New York?

7. Ms. Harris worked for a division of the City known as the New York City Human Resources Administration.

    a. Do you have any opinions about the New York City Human Resources Administration that you think would affect your ability to render an impartial verdict in this case?

    b. Do you feel that you cannot fairly assess this case just because the City of New York is a named party?

8. The City of New York is being represented by Muriel Goode-Trufant, who is the Corporation Counsel of the City of New York. This trial will be directly handled by Desirée Alexander, Zachary Ellis, and Sonya Gidumal Chazin, who are attorneys for the Office of Corporation Counsel. I ask those attorneys to please stand and turn to the prospective jurors.

    a. Do you, or to your knowledge does a family member or a close friend, know Ms. Goode-Trufant, Ms. Alexander, Mr. Ellis, Ms. Chazin, or anyone employed by the Office of Corporation Counsel or the New York City Human Resources Administration?

    b. Have you, or to your knowledge has a family member or a close friend, ever been employed by the Office of Corporation Counsel, the New York City Human Resources

Administration, or the City of New York?

    c.  Have you, or to your knowledge has a family member or a close friend, had any dealings with Ms. Goode-Trufant, Ms. Alexander, Mr. Ellis, Ms. Chazin, or anyone at the Office of Corporation Counsel or the New York City Human Resources Administration?

9.  I will list the potential witnesses in this case, in addition to the Plaintiff, Ms. Harris, herself:

    a.  Nilza Lopez

    b.  Valentina Berlin

    c.  Alan Block

    d.  Louise Lloyd

    e.  Joyce Roberson-Steele

    f.  Florence Mangru

    g.  Denise lundy

    h.  Dr. Jonas Sokolof

    i.  Dr. Sumedha Purkayastha

    j.  Celeste Lewis

    k.  Dr. Larry Neuman

Do you, or to your knowledge does a family member or a close friend, know any of the individuals I just named?

10.  During this trial, I will be assisted by several court employees, including Meghan Henrich, who is the Courtroom Deputy, and by my law clerks, Michael McCue, Giancarlo Carozza, and Ian Berkelaar.  I ask those individuals to please stand and turn to the prospective jurors.  Do you, or to your knowledge does a family member or a close friend, know Ms. Henrich, Mr.

McCue, Mr. Carozza, Mr. Berkelaar, or me?

11. As you look around the room, do you recognize anyone you know?

12. Do you have any feelings about unions that would cause you to be unable to render a fair and impartial verdict?

13. This case involves a dispute between an employee and her employer.

    a.   Do you have any tendency to believe the employer more likely to be truthful?

    b.   Do you have any tendency to believe the employee is more likely to be truthful?

14. Have you, any family member, or close friend ever worked in human resources?

15. Have you, any family member, or close friend ever been disciplined at work?

16. Do you believe that the discrimination laws are unfair to businesses?

17. Do you think people who allege discrimination are seeking special treatment in the workplace?

18. Have you ever been accused of discrimination or related misconduct in the workplace?

19. Have you ever accused someone of discrimination or related misconduct in the workplace?

20. Have you, or to your knowledge has a family member or a close friend, ever been discriminated against or treated differently at work based because of age, race, national origin, religion, gender, or disability?

21. Have you, or to your knowledge has a family member or a close friend, ever filed a charge of discrimination with a government agency or filed a lawsuit claiming that an employer engaged in discrimination?

22. Do you think that discrimination based on disability does not occur in the workplace?

23. Do you believe an ordinary citizen, with a disability, should not be able to work even if they can perform the essential job duties?

24. Do you believe that employers should not have to make reasonable accommodations for

employees with disabilities?

25. Have you, or to your knowledge has a family member or a close friend, ever had a disability or chronic or serious medical condition?

26. Have you, or to your knowledge has a relative or a close friend, ever requested an accommodation or different arrangement in the workplace?

27. Do you believe that arthritis is not a severe disability and is caused by bad lifestyle habits?

28. Do you think that discrimination based on age does not occur in the workplace?

29. Do you have any problem working with older workers?

30. Have you had any experience with, or do you have any opinion about, older persons in the workplace that would make it difficult for you to be a fair and impartial juror in this case?

31. Have you ever noticed a co-worker having difficulties in performing their job that you thought were related to the person's age?

32. Do you have any personal beliefs regarding how much money a person should be allowed to get from a lawsuit?

33. Do you believe emotional distress is just a state of mind, rather than a serious issue?

34. The function of the jury is to decide questions of fact. However, when it comes to the law, you must listen to my instructions and accept and apply the law as I explain it. Do you have any hesitation or unwillingness to apply the law as I explain it even if you disagree with it?

35. Would you have any difficulty following my instruction that you may not substitute your own notions of what the law is or what you think it should be?

36. You may hear testimony in this case from expert witnesses. I will instruct you that an expert's testimony is not entitled to any greater weight or lesser weight than the testimony of any other witness. Would you have difficulty following that instruction?

37. As I will instruct you, the Plaintiff's burden of proof in this case is not proof beyond a reasonable doubt, but instead a different standard of preponderance of the evidence, which means more likely than not. Will you have difficulty following that instruction?

38. Do you have any bias, sympathy, religious beliefs, or any other concern that may prevent you from rendering a fair and impartial verdict based solely on the facts and law?

39. Have you ever studied or practiced law or worked in any capacity for a law office?

40. Do you have any opinions, positive or negative, about lawyers, judges, or the courts that may prevent you from rendering a fair and impartial verdict in this case?

41. Are you now under subpoena or, to your knowledge, about to be subpoenaed in any case?

42. Have you ever been a party, either as a plaintiff or a defendant, in a lawsuit?

43. Have you ever been a witness in a state or federal court case?

44. Do you have any reservations about discussing your opinions with other people?

45. Do you have reservations about sitting in judgment of others?

46. If you find that the Plaintiff has failed to meet her burden of proof, would you be unable to return a verdict in favor of the Defendant?

47. If you find that the Plaintiff has met her burden of proof, would you be unable to return a verdict in favor of the Plaintiff?

48. Do you believe that simply because the Plaintiff has brought this lawsuit, it must mean that she deserves to recover damages?

49. Do you believe that simply because the Defendant has been sued, it is probably liable?

50. Do you have any problem with the concept that a person who brings a lawsuit is entitled to damages only if that person proves her case?

51. Do you have any problem with your hearing or vision that would prevent you from giving

attention to all the evidence at this trial?

52. Do you have any difficulty in understanding or reading English?

53. Do you have any medical problem, are you taking any medication, or do you suffer from any condition that might interfere with your service as a juror in this case or make it difficult for you to give the case your full attention?

54. The purpose of these questions has been to try to identify any possible reasons why you might not be able to sit as a fair and impartial juror. But only you know whether there is some other matter that I did not mention that I should have asked about. Aside from the questions that I have already asked, is there anything else that might prevent you from being a fair and impartial juror in this case?

**Part 2: Individual Juror Questionnaire**

1. What is your city, town or village, and county of residence?

2. How long have you lived at that residence?

    a. If less than ten years, where did you live before that?

3. How far did you go in school?

    a. What have been your areas of study?

    b. What degrees have you received?

4. Are you employed?

    a. If so what, what is your occupation?

    b. Who is your employer and where do you work?

    c. How long have you had that job?

    d. What previous jobs have you had in the past ten years?

    e. If you are retired, what position did you hold before retirement?

5. What is your marital status?

    a. If you are married, what is your spouse's educational background and current employer?

6. Are there other adults in your household?

    a. If so, what do they do?

    b. If they are retired, what did they do before retirement?

7. Do you have children?

    a. If so, how old are they?

    b. If they are adults, what do they do?

8. Are you a member of any organizations?

      a.   If so, which ones?

9.   What are the sources, if any, from which you learn the news?

10.  What radio stations, podcasts, and television programs do you regularly tune in to?

11.  What do you like to do in your spare time?

12.  Have you previously served on the jury, whether in a civil or criminal trial, or as a grand juror?

      a.   If so, how many times have you served as a juror?

      b.   For each time you have served as a juror:

            i.   Was the case criminal or civil?

          ii.   Did the jury reach a verdict?  (Please do not tell me what the verdict was.)