# KIRKLAND & ELLIS LLP

601 Lexington Avenue
New York, NY 10022
United States

Mason E. Reynolds
To Call Writer Directly:
+1 212 909 3349
mason.reynolds@kirkland.com

+1 212 446 4800

Facsimile:
+1 212 446 4900

www.kirkland.com

May 5, 2025

<u>**VIA CM/ECF**</u>

Hon. John P. Cronan
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY  10007

Re:  ***Harris v. The City of New York***, Docket No. 20-cv-2011 (JPC)

Dear Judge Cronan:

I write on behalf of Plaintiff Mary L. Harris pursuant to Federal Rule of Civil Procedure 5.2(d) and Paragraphs 11 and 12 of the Protective Order (ECF No. 168) to request leave to file under seal redacted the May 12, 2025 Letter to the Court regarding Plaintiff's availability to appear for a conference (the "Letter") (ECF No. 224).

Under the Protective Order, the parties may designate certain documents as "Highly Confidential Material – Trial Counsel's Eyes Only" and restrict their dissemination and disclosure. *See* Protective Order ¶ 1(c).  If a party intends to file papers that incorporate "Highly Confidential Material," that party must first make an application to the Court to file documents in redacted form or wholly under seal.  *Id.* ¶¶ 11-12.

The Letter contains information about Plaintiff's health information that may be reasonably characterized as requiring confidential treatment to protect an individual's privacy, medical history, or disability.

Plaintiff's request comports with Second Circuit case law, which permits judicial documents to remain under seal where legitimate privacy interests outweigh the "common law presumption of access." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  The weight of the presumption is based on its value to "those monitoring the federal courts" and may be counterbalanced by "competing considerations."  *Id.*  In balancing the weight of the presumption of access against countervailing factors, courts consider "the extent of the closure of

# KIRKLAND & ELLIS LLP

Hon. John P. Cronan
May 5, 2025
Page 2

sealing sought; the potential damage to [a party] from disclosure; the significance of the public interest at stake; the extent to which [a party] intend[s] to prove [its] case by relying on documents [it] seek[s] to withhold from public scrutiny; [and] whether the particular matter is integral or tangential to adjudication." *Standard Inv. Chartered Inc. v. Nat'l Ass'n of Sec. Dealers Inc.*, No. 07-cv-2014 (SWK), 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008). Here, Plaintiff's privacy interest in information relating to the above-referenced topics outweighs the presumption of access.

For the foregoing reasons, Plaintiff respectfully requests that her motion for leave to file the Letter under seal.

The request is granted. The Court finds that Plaintiff's privacy interest in the health information contained in the letter outweighs the public's interest in access. The Clerk of Court is respectfully directed to close Docket Number 223. The Clerk of Court is also respectfully directed to close Docket Number 217, which was resolved by the Order entered at Docket Number 219.

SO ORDERED.
Date: May 13, 2025
New York, New York

JOHN P. CRONAN
United States District Judge

Respectfully submitted,

/s/ Mason E. Reynolds

KIRKLAND & ELLIS LLP
Bob Allen, P.C.
Mason E. Reynolds
Vincent-Alexandre Fournier
James McLaughlin
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
bob.allen@kirkland.com
mason.reynolds@kirkland.com
vincent.fournier@kirkland.com
james.mclaughlin@kirkland.com

*Attorneys for Mary L. Harris*

cc:      All Counsel of Record via CM/ECF